UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AARON-HASSAN JOHNSON-BEY, | ) |
| Petitioner, | ) |
| v. | ) No. 2:21-cv-00066-SRC |
| DAN REDINGTON, | ) |
| Respondent. | ) |

### Memorandum and Order

This matter comes before the Court on petitioner Aaron-Hassan Johnson-Bey's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, the Court dismisses the petition for writ of habeas corpus.

### Background

Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, serving both a state and federal sentence.[1] He refers to both adjudicated criminal actions in his habeas petition.

In his state criminal case, petitioner pled guilty to First Degree Robbery, Armed Criminal Action, and First Degree Tampering with a Motor Vehicle. *State of Missouri v. Johnson*, Case No. 09SL-CR10002-01 (St. Louis Cnty. Cir. Ct. 2009). After he failed to appear for sentencing, a warrant was issued for his arrest. In 2011, the state court sentenced petitioner to a total of 15 years' imprisonment. He unsuccessfully sought post-conviction relief in the Missouri state courts.

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

In his federal criminal case, petitioner pled guilty to Interference with Interstate Commerce by Threats or Violence and Brandishing a Firearm in Furtherance of a Crime of Violence. *United States v. Johnson*, Case No. 4:11-cr-378-CEJ (E.D. Mo. 2011). In 2012, he was sentenced to 171 months' imprisonment. His sentence was ordered to run consecutively to the sentence imposed in *State of Missouri v. Johnson* that petitioner was serving in the Missouri Department of Corrections.

Petitioner did not appeal his federal sentence or file a motion to vacate, set aside, or correct his sentence. The Court notes, however, that in December 2020, he initiated an action in this Court by filing a document titled, "Surrender of the Defendant Petition for Agreement and Harmony within the Admiralty in the Nature of a Notice of International Commercial Claim within the Admiralty Administrative Remedy." *See Johnson-Bey v. Redington*, Case No. 2:20-CV-74-JMB (E.D. Mo.). The Court found this filing to be an attempt to bring a petition for writ of habeas corpus, and petitioner was directed to submit an amended petition on the proper Court form. *Id.* at ECF No. 3. Petitioner sent a letter to the Clerk of Court seeking voluntary dismissal of the action. *Id.* at ECF No. 4. The Court granted the motion and dismissed the case pursuant to Federal Rule of Civil Procedure 41(a)(1). *Id.* at ECF No. 5.

**The Petition**

In October 2021, petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on a Court-provided form. ECF No. 1. Petitioner asserts he is entitled to release from confinement for two reasons: (1) he is "a lawful Man and Natural Person [] being held in dishonor," and (2) he is "a Lawful man [] being held as the Bail and Surety." In the section designated to explain why he did not file a motion to vacate, set aside, or correct his federal sentence, petitioner states:

> A remedy under 28 U.S.C. 2255 or 2254 is obtained by arguing against the statutes, laws, procedures and/or jurisdiction of the causes in question to vacate a conviction or sentence possibly creating further dishonor. Whereas I wish to accept the charges, settle and close the account in Honor and with clean hands.

ECF No. 1 at 4.

Attached to his § 2241 petition are several documents titled as follows: (1) UCC Financing Statement, (2) Notice of Joinder; (3) Notice of Birthright and Right of Soil; (4) Surrender of the Defendant; (5) Commercial Oath and Verification; and (6) Missouri Birth Certification. ECF No. 1-1 to 1-7.

## Discussion

Having carefully reviewed the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, the Court determines petitioner's arguments have no basis in law or fact and summarily dismissed the petition.

First, the twenty-five pages of attachments submitted with the Petition contain little more than meritless legal jargon stating no basis for habeas relief. In his "Notice of Birthright and Right of Soil," petitioner appears to allege the Court lacks jurisdiction over him because he is "not a 'port of entry' for any newly birthed 'legal entity' to be entered into the fictional, or fractional, corporate marketplace as bond, surety, equity, futures, chattel, stock, or trade material[.]" ECF No. 1-3 at 3. In his "Surrender of the Defendant," he states "[a]ll bonds are to be recovered and discharged and returned in this closure of the escrow and the lawful man is released from said case number: 4:11-CR-00378-CEJ being replaced by a new surety and bail[.]" ECF No. 1-3 at 11.

These types of arguments are typical of those often used by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts, and which have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts.

*See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (same); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous); *Fullilove v. Glass*, No. 4:16-CV-2143-PLC, 2017 WL 1549776, at *2 (E.D. Mo. Apr. 28, 2017) (argument that petitioner is a "flesh and blood man" serves as no basis for habeas relief); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (the U.C.C. does not "provide a basis to challenge the conditions of [petitioner's] imprisonment under 28 U.S.C. § 2241").

Second, to the extent petitioner is attempting to bring this action for habeas relief from his state conviction, it must be dismissed. A person in custody pursuant to the judgment of a state court "can *only* obtain habeas relief through § 2254, no matter how his pleadings are styled.*"* *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (emphasis added) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, but it was also, "as a practical matter, the only vehicle"). *See also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal habeas court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

Third, petitioner's claims are not properly raised under § 2241. Both 28 U.S.C. § 2241 and 28 U.S.C. § 2255 confer jurisdiction over habeas petitions filed by federal inmates challenging their convictions or sentences. However, the Eighth Circuit has made clear that where a petitioner brings a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence . . . [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241" instead of under section 2255. *United States v.*

*Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976). In other words, where a petitioner "does not directly contest the legality of the sentences imposed by the district court but the manner in which those sentences will be carried out by prison authorities," such an attack is "on the manner in which a sentence is executed, as distinguished from its legality, [and] may be cognizable in a habeas corpus petition under 28 U.S.C. § 2241." *United States v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981).

In this case, petitioner does not challenge the manner in which his sentence is being executed by prison authorities, or the fact or duration of his confinement. Instead, petitioner asserts he is a "lawful man and natural person" who "wish[es] to accept the charges, settle and close the account in Honor and with clean hands." Petitioner includes no details regarding the legal basis upon which he asserts his grounds for relief, and what little he does provide is not the type of challenge appropriate for a habeas petition brought under § 2241. *See e.g.*, *Ford v. Driver*, No. 5:08-CV-75, 2009 WL 1921113, at *3 (N.D. W. Va. July 2, 2009) (petitioner's request that his criminal case be simply "settled and closed" is not an appropriate basis for § 2241 relief). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory).

Thus, for the above stated reasons, petitioner's application for habeas corpus under § 2241 must be denied.

## Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may

apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Aaron-Hassan Johnson-Bey's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED**, and this case is **DISMISSED**. A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

So Ordered this 28th day of October 2021.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE